JACOBSON et al. v. ALPI et al., (seven cases.)

(Circuit Court, S. D. New York. June 18, 1891.)

PATENTS FOR INVENTIONS—PRELIMINARY INJUNCTION—PRIOR ADJUDICATION.

Where a prior adjudication sustaining a patent is decided on the ground that the defendant's own testimony that "he did not think there was any invention in the patent" is not sufficient to overcome the *prima facie* effect of the patent, such decision is not sufficient to justify the issuance of a preliminary injunction, restraining an alleged infringement of the patent, where the existence of an anticipating device is shown on the application for injunction by evidence which is undisputed, except by the opinion of an expert.

In Equity. Motion for preliminary injunction.

*Walter R. Beach*, for complainants.

*Edward K. Jones*, for defendants.

LACOMBE, Circuit Judge. The patent for the branched foundation for artificial flowers (Jules Lambert, No. 264,308, Sept. 12, 1882) has never been judicially sustained, and there is not sufficient proof of public acquiescence to take the place of such adjudication, and justify the issuing of a preliminary injunction. The patent for an improvement in gauges for making foundations for artificial flowers (Jules Lambert No. 276,430, April 24, 1883) was sustained by Judge WHEELER in *Lambert* v. *Hofheimer*, 18 Fed. Rep. 654. It appears from the opinion in that case, however, that the only proof introduced by the defendant was his own testimony that "he did not think there was any invention in the patent;" no reasons being given for such opinion. The court reached the conclusion that such testimony was not sufficient to overcome the *prima facie* effect of the patent; the device, in the opinion of the court, seeming "to be quite ingenious, and well worthy to be called the result of the exercise of inventive faculties, especially in the absence of any proof of prior contrivance of this sort." A very different case is made out upon this motion. Undisputed testimony shows the existence for years of a gauge for making fringes, etc., which is plainly a prior contrivance of the same sort as the patent. Whether or not the complainant may be able to differentiate this fringe gauge from his own contrivance sufficiently to disclose patentable invention in the mere shifting of the position of the pins, which is the only apparent difference between the two, may be left for determination at final hearing. His case is certainly not strong enough on these papers to warrant the granting of a preliminary injunction. A prior adjudication sustaining a patent, where the defense interposed was so weak as in *Lambert* v. *Hofheimer*, is not necessarily constraining, when, upon a subsequent application for a preliminary injunction, the existence of an anticipating device is shown by testimony which, as in this case, is undisputed save by the opinion of an expert.